The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times the employer-employee relationship existed between the plaintiff-employee and defendant-employer.
3. The employer is self-insured with Key Risk Management as the servicing agent.
4. The issues before the Commission are whether plaintiff sustained a compensable injury by accident and, if so, what are the compensable consequences.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On the date of the initial hearing, plaintiff was 42 years old. He completed the 3rd grade and cannot read and write. He has experience in four or five cotton mills, working on draw frames for roll-o-matics.
2. On April 24, 1994, plaintiff applied to work for the defendant. His wife went with him to complete the job application. Although plaintiff had prior back injuries, he responded negatively where the application asked about prior back trouble or injuries. Plaintiff had previously been seen at the local hospital with complaints of back pain on January 19, 1992 after he allegedly fell down some steps at work; on April 1, 1992 following a motor vehicle accident; and on August 30, 1992, after he again allegedly fell.
3. Prior to working for defendant, plaintiff had worked for three years at AE Mills in Gastonia. Plaintiff stated that he just wanted another job so he quit at AE to go to work for defendant. However, on his job application with defendant, under the reason for leaving AE, plaintiff indicated "went to jail".
4. Plaintiff claimed that on June 8, 1994, as he was walking across the mill floor carrying a box, he stepped into a hole, and that his right leg went down into the hole up to his knee. Plaintiff further claimed that another employee, Douglas Rikard, had to help him out. Plaintiff's own testimony about the alleged accident is inconsistent and is not persuasive or credible in view of the contradictory evidence of record.
5. On June 15, 1994, plaintiff was seen by Dr. Stanley Peters, an orthopaedic specialist. Plaintiff told Dr. Peters that part of the mill floor was rotten and gave way, and that he fell through landing on his buttocks. Plaintiff complained of pain in his lower back. Dr. Peters' examination of plaintiff showed a good range of motion with normal straight leg raising and normal reflexes. Motor power was intact with no weakness in the lower leg muscles. The x-rays were normal except for a congenital abnormality, and Dr. Peters' final assessment was lumbar strain.
6. The day after the alleged accident, Jamey Farmer, the defendant's general manager, investigated the matter and checked around the area where plaintiff claimed he fell. There were some metal plates covering holes or weak places in the floor, a temporary measure until these areas could be repaired. There was one such covered hole, but no exposed holes in the floor area where plaintiff alleged he fell.
7. Douglas Rikard, a co-employee, was present on the day plaintiff claims he fell. However, he did not see plaintiff fall into a hole and did not help plaintiff out of a hole. Rikard did not see any exposed holes in the floor; he saw only the hole that was covered with the metal plate.
8. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on or about June 8, 1994.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. Plaintiff has failed to sufficiently, convincingly, or credibly prove by the greater weight of the evidence that on or about June 8, 1994 he sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2.
* * * * * * * * * * *
Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Under the law plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall pay its own costs.
This claim is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ___________________, 1996.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ J. RANDOLPH WARD COMMISSIONER
JHB/nwm 12/17/96